UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Viet Anh Ho

                                                          Plaintiff

VS.                                                          Civil Action No. 16-15639 SEC. "B"(5)

Rebekah E. Gee, Secretary of the Department
of Health; Devin George, State Registrar;
Michael Thibodaux, Iberia Parish Clerk;
Diane Meaux Broussard, Vermilion Parish
Clerk; Louis J. Perret, Lafayette Parish Clerk        Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER OF DEFENDANTS' REBEKAH E. GEE AND DEVIN GEORGE
TO PLAINTIFF'S COMPLAINT**

Specifically reserving and not waiving all available defenses, Defendants Rebekah E. Gee ("Gee or Defendant(s)") and Devin George ("George or Defendant(s)"), in their respective official capacities, hereby answer the Complaint ("Complaint" or "Plaintiff's Complaint") filed by Plaintiff Viet Anh Vo ("Plaintiff or "Vo") as follows:

**GENERAL DENIAL**

Except as expressly addressed below, Defendants deny each and every allegation in Plaintiff's Complaint (including, without limitation, any allegations contained in the preamble or headings or subheadings of Plaintiff's Complaint) and specifically deny any violation of Plaintiff's constitutional rights, the Supremacy Clause of the U.S. Constitution, and any liability to Plaintiff. Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

1

**RESPONSE TO SPECIFIC ALLEGATIONS**

In addition to and incorporating the above denial, Defendants further answer the numbered Paragraphs in Plaintiff's Complaint as follows:

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint to the extent they reference a decision recently issued by the U.S. Supreme Court that sets forth its constitutional interpretation of the right to marriage. Further responding, Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint. The remaining allegations contained in Paragraph 1 of Plaintiff's Complaint include legal conclusions, which do not require a response.

2. Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint to the extent that they represent Plaintiff's stated theory of his case. Further responding, Defendants deny the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint. The remaining allegations contained in Paragraph 2 of Plaintiff's Complaint include legal conclusions, which do not require a response.

3. Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint. Further responding, the allegations contained in Paragraph 4 of Plaintiff's Complaint include legal conclusions, which do not require a response.

5. Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint. Further responding, the allegations contained in Paragraph 5 of Plaintiff's Complaint include legal conclusions, which do not require a response.

6. Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint for lack of sufficient information to justify a belief therein.

7. Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint for lack of sufficient information to justify a belief therein.

8. Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint. Further responding, the allegations contained in Paragraph 9 of Plaintiff's Complaint include legal conclusions, which do not require a response.

10. Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint. Further responding, the allegations contained in Paragraph 10 of Plaintiff's Complaint include legal conclusions, which do not require a response.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint are legal conclusions, which do not require a response.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint are legal conclusions, which do not require a response.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint are legal conclusions, which do not require a response.

## PARTIES

**Plaintiff**

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, on that basis, deny the allegations therein.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, on that basis, deny the allegations therein.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, on that basis, deny the allegations therein.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and, on that basis, deny the allegations therein.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and, on that basis, deny the allegations therein.

**Defendants**

20. Defendants admit that Rebekah Gee is the Secretary of the Louisiana Department of Health, which within its structure contains the Vital Records Registry and its State Registrar, Devin George, and that the State Registrar issues birth and death certificates and maintains a vital records registry which includes maintaining a registry of births, deaths, marriages, and divorces. The remainder of the allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21. Defendants admit that Devin George is the State Registrar of Vital Records for the State of Louisiana. The remainder of the allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and, on that basis, deny the

allegations therein.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and, on that basis, deny the allegations therein.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and, on that basis, deny the allegations therein.

## BACKGROUND

**Act 436**

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint. Further responding, the allegations contained in Paragraph 25 of Plaintiff's Complaint include legal conclusions, which do not require a response.

26. The allegations contained in Paragraph 26 of Plaintiff's Complaint purport to summarize the legislative history of Act 436, which speaks for itself, and any characterization inconsistent with the actual archived legislative history is denied.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint. Further responding, the allegations contained in Paragraph 27 of Plaintiff's Complaint include legal conclusions, which do not require a response, and the statutory provisions in effect prior to the enactment of Act 436 are the best evidence of what legal provisions existed prior to said enactment.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint. Further responding, the allegations contained in Paragraph 28 of Plaintiff's Complaint include legal conclusions, which do not require a response, and the statutory provisions enacted by Act

436 are the best evidence of what legal provisions are now in effect.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint. Further answering, the allegations contained in Paragraph 29 of Plaintiff's Complaint purport to summarize the legislative history of Act 436, which speaks for itself, and any characterization inconsistent with the actual archived legislative history is denied.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint. Further answering, the referred to press release subject to the fact that quotes within it that are attributed to the state representative could have been taken out of context or unsubstantiated by recorded statements are the best evidence for what said release states.

31. The allegations in Paragraph 31 of Plaintiff's Complaint are legal conclusions that do not require a response.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

**Act 436's Unconstitutional Requirements Deny Plaintiff the Fundamental Right to Marry**

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint. Further answering, the allegations regarding Act 436 are legal conclusions that do not warrant a response.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint. Further answering, the allegations regarding the legal effect of the sacramental marriage are legal conclusions that do not warrant a response.

40. Defendants lack knowledge and information sufficient to form a belief in the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. The allegations contained in Paragraph 41 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

42. Defendants lack knowledge and information sufficient to form a belief in the allegations contained in Paragraph 42 of Plaintiff's Complaint.

## NEED FOR DECLARATORY RELIEF

43. The allegations contained in Paragraph 43 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

44. The allegations contained in Paragraph 44 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

## NEED FOR INJUNCTIVE RELIEF

45. The allegations contained in Paragraph 45 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

## FIRST CLAIM FOR RELIEF
### (Violation of the Fourteenth Amendment Right to Equal Protection Discriminatory Denial of Marriage License)

46. Defendants hereby incorporate all preceding responses to Paragraphs 1 through 45 of Plaintiff's Complaint as if fully set forth herein.

47. The allegations contained in Paragraph 47 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

48. The allegations contained in Paragraph 48 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

49. The allegations contained in Paragraph 49 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

50. The allegations contained in Paragraph 50 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

## SECOND CLAIM FOR RELIEF
### (Violation of the Fourteenth Amendment Right to Due Process – Deprivation of Fundamental Right to Marry Under State Law)

51. Defendants hereby incorporate all preceding responses to Paragraphs 1 through 50 of Plaintiff's Complaint as if fully set forth herein.

52. The allegations contained in Paragraph 52 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

53. The allegations contained in Paragraph 53 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

54. The allegations contained in Paragraph 54 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

55. The allegations contained in Paragraph 55 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

### THIRD CLAIM FOR RELIEF
### (Violation of the Supremacy Clause – Unlawful State Effort to Regulate Immigration)

56. Defendants hereby incorporate all preceding responses to Paragraphs 1 through 55 of Plaintiff's Complaint as if fully set forth herein.

57. The allegations contained in Paragraph 57 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

58. The allegations contained in Paragraph 58 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

59. The allegations contained in Paragraph 59 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

60. The allegations contained in Paragraph 60 of Plaintiff's Complaint are legal conclusions that do not warrant a response.

### DEFENSES

Defendants reserve the right to rely upon any defenses to each claim for relief asserted by Plaintiff to the extent such defenses are supported by information developed through discovery or by evidence at trial.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendants.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief requested in Plaintiff's Prayer, or any relief whatsoever.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes or receives nothing by the Complaint;

2. That the Court enter judgment dismissing the Complaint against Defendants, with prejudice;

3. That the Court award Defendants their reasonable expenses and costs incurred in the defense of the Complaint; and

4. That the Court grant Defendants such relief as the Court may deem proper.

Respectfully submitted:

      /s/ Neal R. Elliott, Jr.
Neal R. Elliott, Jr. (#24084)
Bureau of Legal Services
Louisiana Department of Health
Bienville Building
628 N. 4th Street
P.O. Box 3836
Baton Rouge, Louisiana
Telephone: (225) 342-1128
Facsimile: (225) 342-2232
Email: neal.elliott@la.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of December, 2016, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing. All counsel of record have been served with this filing by either the Court's electronic filing system or by telefaxing and/or U.S. Mail.

                                              _____/s/ Neal R. Elliott, Jr._____