UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VIET ANH VO** | * | **CASE NO. 2:16-CV-15639** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE IVAN L.R. LEMELLE** |
| **REBEKAH E. GEE, SECRETARY** | * | |
| **OF THE DEPARTMENT OF HEATH;** | * | |
| **DEVIN GEORGE, STATE REGISTRAR;** | * | |
| **MICHAEL THIBODEAUX, IBERIA** | * | **MAGISTRATE MICHAEL B. NORTH** |
| **PARISH CLERK; DIANE MEAUX** | * | |
| **BROUSSARD, VERMILION PARISH** | * | |
| **CLERK; LOUIS J. PERRET,** | * | |
| **LAFAYETTE PARISH CLERK** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## REPLY MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel come, DIANE BROUSSARD IN HER OFFICIAL CAPACITY AS CLERK OF COURT FOR VERMILION PARISH AND MICHAEL THIBODEAUX AS CLERK OF COURT FOR IBERIA PARISH ("the Clerks"), who file this reply to Plaintiff Viet Anh Vo's Memorandum in Opposition to the Clerks' Rule 12(b)(6) Motion to Dismiss. Specifically, the Plaintiff fails to plead that the Clerks are state actors. Any amendment would be futile, as the Clerks are local officials and not state actors. To the extent any claim against the Clerks as purported state actors is alleged, the Clerks are the most nominal parties in every sense of the word, and there is certainly no basis for any attorneys' fee claim.

Plaintiff opposes the Clerks' 12(b) Motion claiming that the Clerks are "state actors." However, the Complaint does not contain any allegations that the clerks are being sued in their capacity as "state actors." Instead, the Complaint specifies the Clerks are sued as officials for their respective parishes:

**PARTIES**
. . .
**Defendants**
. . .
22. At all times relevant to this action, **Defendant Michael Thibodeaux** has been the Clerk of Court for Iberia Parish. Iberia Parish is one of the parishes that refused to issue Plaintiff Vo a marriage license. Defendant Thibodeaux is sued in his official capacity.
23. At all times relevant to this action, **Defendant Diane Meaux Broussard** has been the Clerk of Court for Vermillion Parish. Vermillion Parish is one of the parishes that refused to issue Plaintiff Vo a marriage license. Defendant Broussard is sued in her official capacity. [Doc. 1, paragraphs 22-23].

A plaintiff "must allege with specificity the facts giving rise to his complaint" against municipal parties for two reasons: "(1) to protect state (or local) officials from a deluge of frivolous claims and (2) to allow state (or local) officials sufficient notice of the nature of the claims against them to enable them to respond." *Rogers v. Mount Union Borough by Zook,* 816 F.Supp. 308, 312 (M.D. Penn. 1993). If a plaintiff sues an official in a certain capacity, then any argument or discussion regarding suit against the official in another capacity should not be considered. For example, in *Holden v. Knight,* the plaintiff sued the defendant in his official capacity and thus any argument regarding suit against the defendant in his individual capacity was not warranted. 2003 WL 22902625, at *4 (E.D. La. 2003) ("As such, looking past the complaint's explicit recognition of plaintiff's intent to bring suit against defendants in their official capacity, has not been sanctioned by this court").

Therefore, as the Plaintiff specified it was suing the Clerks as Clerks of Court for their respective parishes, the Plaintiff cannot now claim the Clerks are being sued as state officials, especially as the Complaint is silent on this issue. The lack of specificity did not even allow the Clerks sufficient notice of the claims against them as the Clerks were unaware they were being sued

as state officials until receipt of the Plaintiff's Memorandum in Opposition to the Clerks' 12(b)(6) Motion. [Doc. 59].

Further, Louisiana law does not support Plaintiff's allegation that the Clerks are state actors. "In Louisiana, however, the Clerk of Court is a political official of the local governmental subdivision wherein his office lies, namely, the parish." *Lumar v. St. John the Baptist Parish,* 2002 WL 500477, at *5 (E.D. La. 2002). "[T]he Clerk of Court is a parish, as opposed to state, official." *Id.* See also *Bulot v. Justice,* 552 So.2d 1344, 1347 (5th Cir. 1989) ("[T]he clerk of a district court is a public officer of the particular political subdivision wherein his office lies"). See also, *Lawson v. Union County Clerk of Court,* 828 F.3d 239, 251 (4th Cir. 2016) ("[T]he Clerk's Office is . . . a county agency that operates locally"). Therefore, the clerk of court is a local official and is not a state official. As such granting the plaintiff to leave to amend should be denied, as such an amendment be futile.

Alternatively, if this Court does find the Plaintiff properly alleged suit against the Clerks as state officials, or allows an amendment on this point, the Clerks would remain the most "nominal parties" in every sense of the word, with any potential relief being limited to prospective injunctive relief only. Any attorneys' fees would <u>not</u> be assessed against the Clerks, but rather against the state, as the Fifth Circuit held in the *Echols* case cited by Plaintiff in his opposition. [Doc. 59, pages 2, 5, 6]; and *Echols v. Parker,* 909 F.2d 795, 800 (5th Cir. 1990). Given this, any claim against the Clerks is redundant of the claim against the state, in the same manner as official capacity claims against individual defendants are redundant of claims against the agency they represent. See *Castro Romero v. Becken,* 256 F.3d 349, 354 (5th Cir. 2001); and *Flores v. Cameron County, Texas,* 92 F.3d 258, 261 (5th Cir. 1996).

Page 3

The Clerks request this suit be dismissed as the Complaint sues the Clerks in their official capacity as local officials and does not include any basis for liability under *Monell*. The Complaint does not allege any claims against the Clerks as state actors. Any amendment to assert such a claim would be futile, the Clerks are local officials. If the Clerks would be considered "state actors," such claims would be in the moot nominal sense of the word and would be redundant of the claims against the state.

                    Respectfully submitted:

                    MAHTOOK & LAFLEUR, LLC

                    s/Kay A. Theunissen
                    Kay A. Theunissen (#17448)
                    Julie I. Faulk (#36453)
                    600 Jefferson Street, Suite 1000
                    Post Office Box 3089
                    Lafayette, LA 70502-3089
                    TEL: (337) 266-2189
                    FAX: (337) 266-2303
                    **Attorney for Defendants,**
                    **Michael Thibodeaux, Iberia Parish Clerk,**
                    **and Diane Meaux Broussard, Vermilion**
                    **Parish Clerk**

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

     (   ) Hand Delivery                          (  ) Prepaid U. S. Mail

     (   ) Facsimile                                 (  ) Federal Express

     ( X ) CM/ECF Court Filing System     (  ) Electronic Mail

Lafayette, Louisiana this 20th day of March, 2017.

                                                     s/Kay A. Theunissen
                                                     KAY A. THEUNISSEN