UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Viet Anh Vo

                                      Plaintiff

VS.                                          Civil Action No. 16-15639 SEC. "B"(5)

Rebekah E. Gee, Secretary of the Department
of Health; Devin George, State Registrar;
Michael Thibodaux, Iberia Parish Clerk;
Diane Meaux Broussard, Vermilion Parish
Clerk; Louis J. Perret, Lafayette Parish Clerk        Defendant

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DECLARATORY JUDGMENT, AND PERMANENT INJUNCTION

MAY IT PLEASE THE COURT:

This matter is before the Court on a Motion for Partial Summary Judgment, Declaratory Judgment, and Permanent Injunction filed by the Plaintiff (Doc. 84). Defendants Rebekah E. Gee ("Gee") and Devin George ("George") offer the following in opposition to plaintiff's Motion for Partial Summary Judgment, Declaratory Judgment, and Permanent Injunction.

## BACKGROUND

As this Court is aware, on March 23, 2017 (Doc. 77) the sole plaintiff in this matter, Viet Vo ("Mr. Vo"), was granted a preliminary injunction to obtain his marriage license. Inexplicably and as admitted, in a May 26, 2017 news article, by a member of an organization representing Mr. Vo, Mr. Vo has yet to exercise the rights afforded him by the preliminary injunction and legally marry.[1] By "sitting" on his court ordered right to legally marry, plaintiff undermines the injury-in-fact he raises in his Complaint and Amended Complaint and his alleged exigency in

---

[1] San Antonio Express-News, May 26, 2017.

1

entering a legal marriage contract with his fiancee'.

Curative legislation was offered during the 2017 legislative session to eliminate the equal protection and due process issues presented by the present marriage laws.[2] While HB 270 passed through the Louisiana House of Representatives ("House") committee without any opposition and was passed by the House, when the bill arrived before the Louisiana Senate ("Senate") Judiciary A committee, on May 30, 2017, it was met with opposition by various groups and the lead attorney for Mr. Vo. Those opposed to HB 270 did not articulate any plausible reason why the bill would present unconstitutional impediments to various marriage license applicants, but did make vague assertions that HB 270 would not take care of problems with the existing law. As a result of the opposition, the Senate committee voted to defer the bill and we are now left without curative amendments to the existing statutory provisions that would have provided all marriage license applicants with equal protection and due process. However, HB 439 passed on June 8, 2017 and it enacts Louisiana Code of Civil Procedure Article 74.3.1, which provides marriage applicants that are unable to provide a variety of required documentation with a procedural avenue for seeking a judicial waiver of the unavailable document. This procedural article "shall supersede and control to the extent of conflict with any other provision of law", which should allow the waiver hearing provisions to control over the conflicting amendments to the marriage laws made by Act 436 of the 2015 legislative session and render any Act 436 based claims of unconstitutionality moot.[3] Additionally, the Louisiana Supreme Court has held that "an unconstitutional act which purports to amend a prior statute cannot accomplish that objective, and, the unconstitutional act, having no effect, can amend nothing. Instead, the applicable law is

---

[2] House Bill 270.
[3] HB 439; La. C.C.P. art. 74.3.1(C).

2

provided by the statute as worded prior to the unconstitutional amendment."[4] This places the parties to this matter in a situation where – based on this Court's findings of unconstitutionality in the preliminary injunction ruling – the provisions of La. R.S. 9:224 et seq. that were in effect prior to Act 436 should now apply. When applying said provisions in conjunction with the newly enacted La. C.C.P. art. 74.3.1 and reading the statutory provisions and procedural provisions in pari materia there should no longer be any equal protection or due process claims for which relief can be granted.

As mentioned above, Mr. Vo is the sole plaintiff in this matter and has standing to bring his action under the circumstances that are unique to him. Those circumstances are that Mr. Vo is a naturalized citizen of the United States who can comply with all aspects of the existing marriage laws except for the requirement to present a birth certificate. Mr. Vo should not have to present a valid and unexpired passport from his country of birth, because he is a naturalized citizen of the United States and as admitted in his Complaint (Doc. 1, par. 38) possesses a Social Security Number.

Since Mr. Vo cannot produce a birth certificate, the current marriage laws fail him by not providing him the mechanism of pursuing a judicial waiver of said requirement. Any extension of Mr. Vo's standing, to unknown parties that could be affected by the marriage laws, should be limited to those individuals that are U.S. citizens – natural born or naturalized – that may find themselves in the unique situation of Mr. Vo in seeking a Louisiana marriage license.

---

[4] Louisiana Republican Party v. Foster, 674 So.2d 225, 233 (La. 1996), citing Concerned Business & Property Owners of DeSoto, Inc. v. DeSoto Parish School Board, 531 So.2d 436, 443 (La. 1988). This holding was recently noted in Shepherd v. Schedler, 209 So.3d 752, 763 (La. 2016).

**LAW AND ARGUMENT**

**1. Legislation has been passed that allows marriage license applicants unable to provide required documentation an opportunity to seek a judicial waiver, which renders this matter moot.**

On June 8, 2017, the Louisiana Legislature passed HB 439, which creates Louisiana Code of Civil Procedure Article 74.3.1. Marriage of persons; waiver of certain information. Said article provides that "a person applying for a marriage license who is unable to provide a birth certificate, letter required by R.S. 9:227, a valid and unexpired passport, or visa accompanied by Form I-94 as issued by the United States may provide a Certificate of Naturalization by the U.S. Citizenship and Immigration Authority. A person applying for a marriage license who is unable to provide a social security number may provide a driver's license, a government issued identification card, a passport, a visa issued by the United States Department of State, or a Certificate of Naturalization issued the United States Citizenship and Immigration Services. A person applying for a marriage license who is unable to comply with the requirements of this Article may seek judicial authorization for waive of the requirements of this Article. The court may grant the waiver and order the issuance of the marriage license if, after hearing and good cause shown, the court finds that such relief is appropriate and that the person has complied with other legal requirements for the marriage license. The hearing may be conducted in camera, and before a duty judge. The written order granting the waiver shall be attached to the marriage license application. If the court denies the waiver, the court shall provide reasons for the denial of the waiver.[5] The judicial authorization may be granted by the district court, parish court, family court, or juvenile court, in the parish in which the marriage license application is made, or

---
[5] HB 439; La. C.C.P. art. 74.3.1(A).

by the First or Second City Court of the City of New Orleans if such application is made within their territorial jurisdiction, or by a justice of the peace court or city court if the issuing official is located within the justice of the peace or city court's territorial jurisdiction.[6] The provisions of this Article are in addition to any other right or remedy provided by law, are notwithstanding any other provision of law to the contrary, and shall supersede and control to the extent of conflict with any other provision of law.[7] This new procedural article in essence provides every applicant that cannot provide the documentation required under the marriage laws that are the subject of this litigation an opportunity to seek a judicial waiver of the documentation that cannot be provided by said applicant. This removes any equal protection and due process impediments existing in the provisions of Act 436 and renders the constitutional claims in this matter moot.

2. **The limitations of Mr. Vo's standing.**

As stated above, Mr. Vo is the sole plaintiff in this matter and has standing to raise constitutional claims supported by his unique set of facts, which are that he is a naturalized United States citizen who does not have a birth certificate and cannot acquire a waiver of the birth certificate requirement since the present version of La. R.S. 9:228 does not afford him access to a judicial waiver. Any attempt by Mr. Vo to extend his standing to unnamed third parties who are not parties to this action and who have not been consolidated into a class or represented through an association's standing must be denied.

Two types of standing must be met for a federal court to exercise jurisdiction: prudential standing, which is a judicially-imposed limitation on the exercise of federal jurisdiction, and

---

[6] HB 439; La. C.C.P. art. 74.3.1(B).
[7] HB 439; La. C.C.P. art. 74.3.1(C).

5

constitutional standing, which embodies the constitutional "case or controversies" requirement.[8] In Elk Grove, the Supreme Court explained that prudential standing encompasses the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the administrative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.[9] The "zone of interest" aspect of prudential standing has been extended to cases raising First Amendment rights, but such a constitutional challenge is not made in the present matter. Moreover, there is no associational plaintiff to attempt to raise constitutional claims for a class of individuals that may be adversely affected by the present marriage law.

"Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation. The reasons are two. First, the courts should not adjudicate such rights unnecessarily, and it may be that in fact the holders of those rights either do not wish to assert them, or will be able enjoy them regardless of whether the in-court litigant is successful or not. Second, third parties themselves usually are the best proponents of their own rights. The courts depend on effective advocacy, and therefore prefer to construe legal rights only when the most effective advocates of those rights are before them. The holders of the rights may have a like preference, to the extent they will be bound by the courts' decisions under the doctrine of stare decisis. These two considerations, underlie the Court's general rule: Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."[10] In the present matter, Mr. Vo can only assert the unique impact the marriage laws have on him personally and has no

---

[8] Elk Grove Unified Sch. Dist. V. Newdow, 542 U.S. 1, 159 L.Ed.2d 98, 124 S.Ct. 2301, 2308 (2004).
[9] Family Trust Found. Inc. v. Wolnitzek, 345, F.Supp.2d 672, 683 *citing* Elk Grove at 468 U.S. 737, 751.
[10] Singleton v. Wulf, 42 U.S. 106, 113, 96 S.Ct. 2868, 2874 (1976).

standing, prudential, case or controversy, jus tertii, or otherwise to raise a claim for unknown foreign-born marriage license applicants or a claim that Louisiana's current marriage laws attempt to regulate immigration in Louisiana and interfere with the federal regulation of immigration.

### 3. The preliminary injunction rendered Mr. Vo's claims moot.

The preliminary injunction issued on March 23, 2017 has given Mr. Vo what he personally seeks, which is a Louisiana marriage license. Any extension of this ruling to a permanent injunction would not provide Mr. Vo with any greater relief or necessary continuing relief. It would only serve to replicate the award of the sole and one time object he sought, the right to obtain a marriage license, which was provided through the preliminary injunction.

### 4. Any declaratory judgment should only address the claim unique to Mr. Vo and to which his standing is limited.

As argued above, Mr. Vo's claim is limited to the facts that he was born in a place that is not a state or territory of the United States, does not have a birth certificate, and since he was born in a place that is not a state or territory of the United States, La. R.S. 9:228 does not afford him the right to acquire a judicial waiver of the birth certificate requirement. Any declaratory judgment should only address unconstitutional claims based on this set of facts and standing. Mr. Vo has no injury-in-fact regarding the requirement that a valid and unexpired passport from the country of birth or an unexpired visa be presented in lieu of a Social Security Number issued by the Social Security Administration, because he is a naturalized U.S. citizen and as admitted in his Complaint (Doc. 1, par. 38) possesses a Social Security Number. Confining any declaratory judgment ruling to Mr. Vo and his unique injury and fact situation is even more warranted now after the passage of HB439 and taking its pertinent provisions into account with the above

mentioned holdings of the Louisiana Supreme Court that are more fully discussed below. Therefore, any declaratory relief must be confined to the unconstitutionality based on the limited standing established by Mr. Vo's injury and facts.

### 5. The preliminary injunction issued on March 23, 2017 invalidated the current marriage law and in effect resurrected the prior law that affords equal protection and due process to all marriage license applicants.

The Louisiana Supreme Court has held "an unconstitutional act which purports to amend a prior statute cannot accomplish that objective, and, the unconstitutional act, having no effect, can amend nothing. Instead the applicable law is provided by the statute as worded prior to the unconstitutional amendment."[11] This Court's preliminary injunction declared Act 436 and its amendments to certain provisions of Title 9, sections 221 et seq. unconstitutional. Based on the Louisiana Supreme Court's ruling, the versions of La. R.S. 9:226 and 228 that were in effect prior to the Act 436 amendments should now be in effect, which remedies the constitutional claims made by Mr. Vo and extends equal protection and due process to all marriage license applicants. Indeed, the marriage license provisions contained in the prior law at La. R.S. 9:224-228 do not contain any constitutional defect and extend equal protection and due process to all applicants. When applying these prior provisions in conjunction with the pertinent provisions in the new La. C.C.P. art. 74.3.1 enacted by HB439, there is even greater equal protection and due process protection afforded to all marriage license applicants. Even if the prior statutory provisions are not provided and the amendments made by Act 436 are applied, when applying said provisions in conjunction with those in HB439, there is no longer any unconstitutional effect.

---

[11] Louisiana Republican Party v. Foster, 674 So.2d 225, 233 (La. 1996), citing Concerned Business & Property Owners of DeSoto, Inc. v. DeSoto Parish School Board, 531 So.2d 436, 443 (La. 1988). This holding was recently noted in Shepherd v. Schedler, 209 So.3d 752, 763 (La. 2016).

8

## **CONCLUSION**

This Court, in its preliminary injunction ruling, has afforded Mr. Vo the sole and finite relief he can be granted under the allegations of his Complaint. A permanent injunction would not provide Mr. Vo with any additional relief nor would it operate to enjoin any possible continuing act of injury to Mr. Vo. The Louisiana Supreme Court's rulings that the effect of unconstitutional amendments to an existing statute causes a reversion to the prior law and the newly enacted provisions Louisiana Code of Civil Procedure Article 74.3.1 operate to remove any alleged impairment the Act 463 amendments had on the equal protection and due process of certain marriage license applicants. This places this matter in a position where the constitutional claims raised therein are now moot along with any future potential injury to present and future marriage license applicants. Therefore, it is respectfully requested that the plaintiff's Motion for Partial Summary Judgment, Declaratory Judgment, and Permanent Injunction be denied and that this matter be dismissed as moot.

Respectfully submitted:

 /s/ Neal R. Elliott, Jr.
Neal R. Elliott, Jr. (#24084)
Louisiana Department of Health
Bureau of Legal Services
628 N. 4th Street, Bienville Building
P.O. Box 3836
Baton Rouge, Louisiana 70821-3836
Telephone: (225) 342-1128
Facsimile: (225) 342-2232
Email: neal.elliott@la.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2017, I electronically filed the foregoing Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, Declaratory Judgment, and Permanent Injunction with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.


     /s/ Neal R. Elliott, Jr.
     NEAL R. ELLIOTT