UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**VIET ANH VO**                                              **CIVIL ACTION**

**VERSUS**                                                   **NO. 16-15639**

**REBEKAH E. GEE,**                                          **SECTION "B"(5)**
**SECRETARY OF THE DEPARTMENT**
**OF HEALTH, ET AL**

## OPINION AND PERMANENT INJUNCTION

Before the court are "Plaintiff's Motion for Partial Summary Judgment, Declaratory Judgment, and Permanent Injunction" (Rec. Doc. 84), "Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, Declaratory Judgment and Permanent Injunction"(Rec. Doc. 91), "Memorandum in Opposition to Plaintiff's Motion for Summary Judgment"(Rec. Doc. 89), "Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, Declaratory Judgment and Permanent Injunction" (Rec. Doc. 90), "Reply in Support of Plaintiff's Motion for Partial Summary Judgment, Declaratory Judgment and Permanent Injunction" (Rec. Doc. 94) and "Notice of Changed Circumstances Regarding HB 439" (Rec. Doc. 95). For the reasons set forth below, **IT IS ORDERED** that Plaintiff's Motions for Partial Summary Judgment, Declaratory Judgment and Permanent Injunction are **GRANTED**.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff, Viet "Victor" Anh Vo was born in an Indonesian refugee camp after his parents (both Vietnamese nationals) fled Vietnam as refugees (Rec. Doc. 1). Given this circumstance, Indonesian and Vietnamese authorities have never recognized his birth and consequently he has never been issued a birth certificate from a government entity (Rec. Doc. 1). Plaintiff has resided in Louisiana since he was three months old and became a naturalized citizen when he was eight years old (Rec. Doc. 1). In 2016, Plaintiff and his girlfriend (a fellow United States citizen) decided to get married and applied for a marriage license from the State of Louisiana (Rec. Doc. 1).

Plaintiff was denied a marriage license pursuant to Act 436 which requires that all applicants for a marriage license provide a certified birth certificate, a valid and unexpired passport, or an unexpired visa accompanied by a Form I-94 (Rec. Doc. 1). Act 436 has a waiver of the birth certificate requirement but in order to qualify for the waiver an applicant must be a U.S. citizen that was born in the United States or one of its territories. Plaintiff was born outside of the United States and is naturalized citizen and therefore did not qualify for the waiver (Rec. Doc. 1).

Plaintiff provided other official documents to the Clerk of Court including a social security number and a Louisiana state driver's license, but without a birth certificate as required by Act 436, the state of Louisiana refused to issue him a marriage license (Rec. Doc. 1).

Plaintiff brought this complaint for declaratory and injunctive relief against Defendants Rebekah Gee, the Secretary of the Department of Health and Hospitals for the State of Louisiana, Devin George, State Registrar and Director of the Office of Vital Records, Michael Thibodeaux, Clerk of Court for Iberia Parish, Diane Meaux Broussard, Clerk of Court for Vermilion Parish and Louis J. Perret, Clerk of Court for Lafayette Parish.

After hearing oral argument, this Court in its March 23, 2017 Order and Reasons granted the Plaintiff's Motion for Preliminary Injunction (Rec. Doc. 77).

**FACTUAL AND LEGAL FINDINGS**

**A. Plaintiff's Motion for Permanent Injunction**

The legal standard for obtaining a permanent injunction mirrors the legal standard for obtaining a preliminary injunction. *Lionhart v. Foster*, 100 F. Supp. 2d 383, 385-386 (E.D. La. 1999). A plaintiff must demonstrate "(1) actual success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs

3

any damage that the injunction may cause the opposing party; and (4) the injunction will not disserve the public interest." *Causeway Med. Suite v. Foster*, 43 F. Supp. 2d 604, 610 (E.D. La. 1999). However, the difference between the legal standard for a preliminary injunction and a permanent injunction is that the Plaintiff must demonstrate actual success on the merits and not just a likelihood of success. *Lionhart*, 100 F. Supp. 2d 383, 386. Nonetheless, all of these factors weigh in favor of the Court granting a permanent injunction.

1. **Actual Success on the Merits**

Plaintiff seeks to demonstrate actual success on the merits through his Motion for Partial Summary Judgment regarding Counts I and II of the First Amended Complaint (Rec. Doc. 82). Count I alleges that Act 436 violates the Plaintiff's Equal Protection rights (Rec. Doc. 82). Count II alleges that Act 436 violates the Plaintiff's Due Process rights (Rec. Doc. 84). These are inherently purely questions of law and not fact and therefore this Court can adjudicate the summary judgment motion even in the absence of discovery. *Brazos Valley Coalition for Life, Inc. v. City of Bryan Texas*, 421 F.3d 314, 327 (5th Cir. 2005).

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith*

5

*Radio Corp.*, 475 U.S. 574, 586 (1986). "[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the nonmovant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616 (5th Cir. 1994). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

Throughout this litigation the record has not revealed any disputed issues of material fact. Both Plaintiff and Defendant agree upon the essential facts leading up to and including Plaintiff's attempt to get a marriage license and the subsequent denial of the same by the State of Louisiana. Consequently, when deciding whether or not Plaintiff's Partial Summary Judgment Motion is appropriate, we must analyze the basic legal questions involved, namely Equal Protection and Due Process claims.

**a. Equal Protection**

Under the United States Constitution, the Equal Protection Clause protects all individuals from state discrimination. *Plyer v. Doe*, 457 U.S. 202, 210 (1982). The Supreme Court has clarified that "these provisions are universal in their application, to all persons within the territorial jurisdiction, without regard to any differences of race, of color, or of nationality; and the equal protection of the laws is a pledge of the protection of equal laws. *Yick Wo v. Hopkins*, 118 U.S. 356, 369 (1886). While states retain a broad power to classify individuals, under an Equal Protection analysis "classifications based on alienage like those based on nationality or race, are inherently suspect and subject to close judicial scrutiny." *Graham v. Richardson*, 403 U.S. 365, 372 (1971).

The Supreme Court has held that classifications, such as the one made by the State of Louisiana pursuant to Act 436 "must be analyzed by a reviewing court under strict scrutiny, that is, such classifications are constitutional only if they are narrowly tailored measures that further compelling governmental interests." *Adarand Constructors, Inc. v. Mineta*, 534 U.S. 103, 105 (2001). The birth certificate provisions that the Louisiana legislature enacted creates classifications that distinguish between United States citizens on the basis of their national origin. If Plaintiff was born in the United States and lacked a birth

certificate he could have applied for the waiver of producing a birth certificate and the State of Louisiana would then under existing laws grant a marriage license. However, because Plaintiff was born overseas and thereafter became a naturalized citizen he is ineligible under Louisiana law to apply for the waiver. The State of Louisiana fails to demonstrate in their opposition that this classification based on national origin furthers a compelling governmental interest that justify treating this Plaintiff and other similarly situated U.S. citizens differently from U.S. born citizens merely because of where they were was born. Based on the undisputed facts and controlling case law it is clear that these classifications are unconstitutional. Plaintiff has demonstrated actual success on his equal protection claim and partial summary judgment is appropriate.

### b. Due Process

In addition, Act 436 is unconstitutional because it violates Plaintiff's due process rights by denying him the fundamental right to marriage. *Obergefell v. Hodges*, 135 S. Ct. 2584, 2602-2603 (2015). The Supreme Court held that even though states may impose reasonable regulations on marriage, it applies a strict scrutiny test when regulations "interfere directly and substantially with

the right to marry." *Zablocki v. Redhail*, 434 U.S. 374, 387 (1978). The current birth certificate provisions completely bar the Plaintiff from obtaining a marriage license. Given the heightened level of scrutiny that classifications based on national origin require, and the failure of the State of Louisiana to proffer any evidence of why this regulation passes constitutional muster, this Court finds that the Plaintiff also has demonstrated actual success on the merits of his due process claim.

Nonetheless, Defendants argue that on June 8, 2017, the Louisiana Legislature passed HB 439 that allows marriage license applicants unable to provide the required documentation to seek a judicial waiver. Defendants argue that HB 439 makes the current controversy moot. Furthermore, Defendants also argue that the existing preliminary injunction order rendered Plaintiff's claims moot and any additional relief would just replicate that prior decree. Moreover, Defendants also argue that any declaratory judgment should only apply to Mr. Vo.

None of these contentions are persuasive. First, the new law, HB 439, referenced in Defendants' oppositions, does not remedy the constitutional deficiencies of Act 436 (Re. Doc. 95). Even though it addresses the judicial wavier issue in Act 436, Act 439 leaves intact other provisions of Act 436 such as passport and visa requirements that only foreign born or naturalized citizens have

to provide. These documentary requirements also pose constitutional issues with Act 436 that the revised statute does not cure. Defendants' notion that the preliminary injunction moots further actions is incorrect. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394-398(U.S. 1981). A preliminary injunction merely analyzes the likelihood of success on the merits. The previous order was not a final ruling or determination on the constitutionality of Act 436. Therefore, there is still an active controversy that requires adjudication. Third, there is no legally valid reason to limit a Declaratory Judgment to apply only to the Plaintiff and his "unique circumstances." The Supreme Court has held that a single plaintiff in an as-applied challenge can invalidate a statute as it applies to everyone. *See, Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2297 (2016). The unconstitutionality of Act 436 applies to all residents of the State of Louisiana, not just Mr. Vo. The scope of the preliminary injunction order applied to Plaintiff and all similarly situated U. S. citizens who are prevented from obtaining a marriage license under Act 436 (Rec. Doc. 77). This permanent injunction order will do the same.

### 2. Threat of Irreparable Injury

Plaintiff has demonstrated that he faces the threat of irreparable injury. The Fifth Circuit clarified and explained, "an injury is irreparable only if it cannot be undone through monetary remedies." *Deerfield Medical Center v. Deerfield Beach*, 661 F.2d 328, 338, (5th Cir. 1981) (internal quotations omitted). Under Louisiana state law the Plaintiff is currently being denied the right to marriage. There is no monetary award that can provide him that right and therefore he is suffering irreparable harm. In addition, the Fifth Circuit has held that the denial of constitutional rights "for even minimal periods of time constitutes irreparable injury justifying the grant of a preliminary injunction." *Deerfield Medical Center*, 661 F.2d 328, 338. Plaintiff has been denied the right to marry since early 2016. Act 436's deprivation of Plaintiff's fundamental right to marriage satisfies the requirement that Plaintiff faces the threat of irreparable harm. This factor weighs in favor of the permanent injunction.

### 3. Weighing of the harms

Plaintiff has demonstrated the threatened injuries outweigh any damage that the permanent injunction will cause the Defendants. *Sells,* 750 F.3d 478, 480. This Court finds that the balancing analysis weighs heavily in the favor of Plaintiff. The State of Louisiana is not harmed by having to issue a marriage license to,

in this case, a United States citizen who merely lacks a birth certificate due to circumstances beyond his control. Louisiana's enjoinment from enforcing an unconstitutional law does not outweigh the fundamental right to marriage. *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1145 (10th Cir. 2013).

4. **Whether the injunction will disserve the public interest**

The Fifth Circuit has held that injunctions protecting constitutional freedoms are always in the public interest. *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 539, (5th Cir. 2013). In the instant matter the permanent injunction protects the fundamental right to marriage and the right to be free from unconstitutional discriminatory classifications based on national origin. Consequently, this factor also weighs in favor of Plaintiff and his motion for a permanent injunction is deemed appropriate.

**PERMANENT INJUNCTION**

Under the equitable powers of this Court **IT IS ORDERED** that Defendants and their officers, agents, servants and employees are permanently **ENJOINED** and **RESTRAINED** from enforcing Act 436 insofar as it unconstitutionally deprives U.S. citizens like Plaintiff and similarly situated U.S. citizens the right to marry based on national origin.

Willful violation of this Order and Permanent Injunction may subject any person who commits such an act to criminal and/or civil prosecution for contempt of this Court. Any violation of this Order and Permanent Injunction will result in immediate issuance of an order to show cause for service on the violator, who after appropriate hearings and findings, will be dealt with within the sanctions provided by law.

The Court shall retain jurisdiction of this action for all purposes, including without limitation, all proceedings involving the interpretation, enforcement or amendment of this Order and Permanent Injunction.

New Orleans, Louisiana, this 8th day of August, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE