**UNITED STATES DISTRICT COURT**
                    **EASTERN DISTRICT OF LOUISIANA**

**VIET ANH VO**                                              **CIVIL ACTION**

**VERSUS**                                                   **NO. 16-15639**

**REBEKAH E. GEE,**                                          **SECTION "B"(5)**
**SECRETARY OF THE DEPARTMENT**
**OF HEALTH, ET AL**

## ORDER AND REASONS

Before the Court is counsel for Plaintiff Viet Anh Vo's "Motion for Attorneys' Fees and Costs" (Rec. Doc. 111) and Reply (Rec. Doc. 118), Defendants, Diane Broussard, Vermilion Parish Clerk of Court and Michael Thibodeaux, Iberia Parish Clerk of Courts' Memorandum in Opposition (Rec. Doc. 112), Louis J. Perret, Lafayette Parish Clerk of Court's Memorandum in Opposition (Rec. Doc. 113), and Secretary for the Louisiana Department of Health, Rebekah Gee, and the Louisiana State Registrar, Devin George's Memorandum in Opposition (Rec. Doc. 114).

**IT IS ORDERED** that the Motion for Attorney's Fees and Costs is **Granted in part and Denied in part.**

**FACTS AND PROCEDURAL HISTORY**

Viet Anh Vo ("Plaintiff") filed suit against Rebekah Gee as Secretary for the Louisiana Department of Health, Diane Broussard as Vermilion Parish Clerk of Court, Michael Thibodeaux, as Iberia Parish Clerk of Court, Louis J. Perret as Lafayette Parish Clerk of Court, and Devin George as the Louisiana State Registrar

1

(collectively herein referred to as "Defendants"), in October 2016. (Rec. Doc. 1). Plaintiff asserted that the Louisiana statute requiring United States citizens to provide a certified birth certificate for a marriage and not permitting a waiver of the requirement for naturalized United States citizens born outside of the United States or one of its territories was unconstitutional. (Rec. Doc. 1 at 2). After oral argument (Rec. Doc. 76), the Court granted a preliminary injunction (Rec. Doc. 77), which was converted into a permanent injunction and declaratory judgment on August 8, 2017 (Rec. Doc. 96).

Plaintiff files the instant motion pursuant to 42 U.S.C. § 1988 and Federal Rules for the Eastern District of Louisiana Local Rules 54.2 and 54.3, as the "prevailing party" for an award of attorney's fees and costs. (Rec. Doc. 111). Plaintiff requests this Court to order Defendants to pay $212,580.00 in attorneys' fees and $11,267.65 in costs[1]. Defendants' Responses in Opposition object to: 1) the reasonableness of Plaintiff's requested attorney's fees and costs, 2) the reasonableness of the number of attorneys and support staff, 3) the amount hours and fees associated with locating a potential plaintiff, 4) plaintiff

---

[1] Plaintiff's original Motion For Attorneys' Fees (Rec. Doc. 111) requested $386, 714 in fees; however, counsel for Plaintiff reduced said request in its Reply (Rec. Doc. 118) to $212, 580.

2

counsel's lack of exercise billing judgment, and 5) duplicative work.

Further, defendants Diane Broussard as Vermilion Parish Clerk of Court, Michael Thibodeaux, as Iberia Parish Clerk of Court, and Louis J. Perret as Lafayette Parish Clerk of Court (collectively herein referred to as "Clerk Defendants") contend that the State is solely responsible for paying the prevailing party's attorney's fees and costs. They argue that as the Clerk Defendants they were acting in their official capacity on behalf of the State in enforcing the challenged Louisiana state law.

**LAW AND ANALYSIS**

Title 42 of the United States Code, Section 1988 provides the Court with discretion to award attorney's fees and costs to the prevailing party in Civil Rights' litigation. 42 U.S.C. § 1988 (2018). On August 8, 2017, this Court granted Plaintiff's Motions for Partial Summary Judgment, Declaratory Judgment, and Permanent Injunction (Rec. Doc. 96). As final Judgment was entered in favor of Plaintiff (Rec. Doc. 97), it is clear that Plaintiff is the prevailing party in this litigation.[2] However, the reasonableness of the submitted fees and costs remains to be determined.

---

[2] *See e.g., Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.,* 532 U.S. 598, 604 (2001) "[E]nforceable judgments on the merits and court-ordered consent decrees create the "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees."; *see*

Determination of a reasonable attorney's fee involves calculating the lodestar, which is a two-step process. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). In the first step, this Court is to determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *Id*. Next, this Court is to multiply the determined hours by the determined rate. *Id*. This calculation comprises the lodestar. *Id*. The lodestar is then either accepted or adjusted according to the twelve factors delineated in *Johnson v. Georgia Highway Exp.*, which are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation. And ability of counsel; (10) the undesirability of the case; (11) the nature and length of the proceedings; and (12) awards in similar cases.

488 F. 2d 714, 717-19.

---

*also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."

**Calculation of Lodestar**

**Reasonable Hours Expended**

The first step necessary for calculation of the lodestar is a determination of the number of hours reasonably expended in the case. *Louisiana Power & Light Co.*, 50 F.3d at 324 (5th Cir. 1995). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hour's expended and hourly rates." *Hensley*, 461 U.S. at 437.

Here, the nine (9) attorneys, legal assistant (1), and paralegal (1) involved in this case submit an exorbitantly high number of hours expended on this litigation. Rec. Doc. 111. Even after a subsequent reduction in their Reply (Rec. Doc. 118), Plaintiff's counsel is seeking payment for an alleged 960.0 hours expended, in less than 12 months of litigation.

Attorneys must "exercise billing judgment by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards." *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008). "The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended." *Id.*

Upon review of the revised billing entries submitted by Plaintiff's counsel we find many entries are either unproductive or duplicative. For example, seven (7) attorneys on Plaintiff's

legion of counsel expended a total of *at least* 51.4 hours drafting, editing, and discussing the twenty-two (22) paged Complaint in this case. Rec. Docs. 118-3, 119-5, and 118-7). A large majority of Plaintiff counsel's expended hours reflect a voluminous amount of time spent on co-counsel phone calls and "follow up" among the numerous attorney's working on this matter on behalf of Plaintiff. *Id*.

While the Court recognizes the challenges in drafting pleadings and briefs for a constitutional civil rights case, the number of hours counsel reportedly expended is unreasonable. A team of *pro bono* attorneys, with the experience and reputation of a firm like Skadden, Arps, Slate, Meagher & Flom, and organizations like NILC and NOWCRJ could have produced an identical outcome through implementation of s reasonable and more efficient litigation strategy. It is important for our review of this case to state that there was no traditional discovery taken in this case, allowing counsel to engage primarily in straight-forward motion practice on clearly established legal principles. We commend them and their opposing counsel for their professional advocacy. However, this was not a complex case, factually or legally. We cautioned at an early stage the need to vigilantly guard against excessive and duplicative work.

An overall reduction in Plaintiff counsel's expended hours is appropriate considering the above analysis and application of

relevant *Johnson* factors. Additionally, in the Fifth Circuit, only fees for attorneys and paralegals are recoverable. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001).

**Accordingly, we will apply a thirty percent (30%) reduction in addition to the revised hours expended in this case, as follows:**

| Firm | Attorney | Revised Hours | 30% Reduction |
|---|---|---|---|
| 1. Skadden | **Horth-Neubert** | 48.9 | **34.23** |
| 2. Skadden | **Brumme** | 182.9 | **128.03** |
| 3. Skadden | **Hirsch** | 84.5 | **59.15** |
| 4. Skadden | **Coquelin** | 61.5 | **43.05** |
| ~~5. Skadden~~ | ~~Travaglini (legal assistant)~~ | ~~49~~ | ~~34.3~~ |
| 6. NOWCRJ | **Yanik (pre-barred)** | 11.6 | **8.12** |
| 7. NOWCRJ | **Yanik (post-barred)** | 183.0 | **128.1** |
| 8. NILC | **Tumlin** | 34.2 | **23.94** |
| 9. NILC | **Preciado** | 78.93 | **55.251** |
| 10. NILC | **Huerta** | 148.05 | **103.95** |
| 11. NILC | **Alcala-Ruiz (paralegal)** | 77.4 | **54.18** |
| Total: | | | 638.001 |

**Reasonable Hourly Rate**

The second requisite step is the determination of a reasonable hourly rate by counsel involved in the litigation. "Reasonable fees" are calculated based from prevailing market rates in the relevant community. *Blum v. Stetson*, 465 U.S. 886, 895 (1984). "Determination of the reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there." *Chisholm v. Hood*, 90 F. App'x 709, 710 (5th Cir. 2004). These determinations of rates are performed on case-by-case basis. *Id*.

Plaintiff's counsel submits the following rates:

| Firm | Attorney | Rate |
|---|---|---|
| 1. Skadden | **Horth-Neubert** | $325 |
| 2. Skadden | **Brumme** | $250 |
| 3. Skadden | **Hirsch** | $200 |
| 4. Skadden | **Coquelin** | $200 |
| ~~5. Skadden~~ | ~~**Travaglini (legal assistant)**~~ | ~~$125~~ |
| 6. NOWCRJ | **Yanik (pre-barred)** | $125 |
| 7. NOWCRJ | **Yanik (post-barred)** | $200 |
| 8. NILC | **Tumlin** | $325 |
| 9. NILC | **Preciado** | $300 |

| 10. | NILC | **Huerta** | $250 |
| 11. | NILC | **Alcala-Ruiz (paralegal)** | $75 |

Upon review, this Court finds the above rates reasonable given the parties' experience and credentials. *See* Rec. Doc. 118-3 Exhibit B to Reply Declaration of Horth-Neubert; Rec. Doc. 118-4 Supplemental Declaration of Yanik; Rec. Doc. 118-6 Reply Declaration of Preciado. The Court also notes recognition of Plaintiff counsel's removal of two experienced Skadden attorneys who performed work on this matter. Rec. Doc. 118-3.

**Johnson Factors**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve *Johnson* factors. However, "to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required." *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir.1998). Here, we already considered the *Johnson* factors above, which resulted in a reduction of the reasonable expended hours in this matter.

**Costs**

Plaintiff counsel also seeks payment for its costs and expenses incurred throughout this litigation, totaling $11,267.65. 28 U.S.C. § 1920 provides that a court may tax the following costs:

> [F]ees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees; compensation of court-appointed experts, interpreters, and special interpretation services.

*Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). "Litigation expenses" are also recoverable.

**Plaintiff's counsel are seeking:**

**Skadden - $4,651.11**
**NILC - $4,619.54**
**NOWCRJ - $1,997.00**

The above costs, while recoverable are unreasonably high and this Court will add a 10% reduction. From the itemized list of costs submitted, much of the costs are attributed to the cost of travel for the numerous attorneys involved; including food and lodging. There was no traditional discovery taken. The straightforward nature of this action and clearly established law did not warrant a battery of attorneys expending duplicative time and expenses. Therefore, a cost award of $10,140.88 is reasonable in view of above findings.

Considering the foregoing, Plaintiff's Motion for Attorney's Fees and Costs (Rec. Doc. 111) is **GRANTED in Part. Defendants are hereby ordered to pay Plaintiff $144,614.05 in reasonable fees and $10,140.88 in recoverable costs, for a total of $154,754.93.**

**IT IS FURTHER ORDERED** that the State of Louisiana is directed to pay the Plaintiff's attorneys' fees as the local parish officials have been sued in their official capacity for enforcing an unconstitutional State statute. *See Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990) ("A county official pursues his duties as a state agent when he is enforcing state law or policy. . . Thus, the district court correctly ordered the State of Mississippi to pay Echols' § 1988 attorney's fees.").

New Orleans, Louisiana, this 20th day of February, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE